IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:03 am, Feb 04, 2019*

| | |
|---|---|
| DEWEL HAMMITT,<br><br>         Plaintiff,<br><br>     v.<br><br>CHIEF/WARDEN RICKY STONE; and<br>UNIT MANAGER SIZEMORE,<br><br>         Defendants. | CIVIL ACTION NO.: 5:17-cv-64 |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion for Summary Judgment, doc. 26, and Motion to Dismiss for Failure to Prosecute, doc. 28, as well as Plaintiff's failure to comply with this Court's Orders. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss for Failure to Prosecute, **DENY as moot** Defendants' Motion for Summary Judgment, **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, and **DIRECT** the Clerk of Court to **CLOSE** this case and **ENTER** the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

### BACKGROUND

On May 19, 2017, Plaintiff filed this action challenging the conditions of his confinement while incarcerated at Coffee Correctional Facility in Nicholls, Georgia. Doc. 1. Some of Plaintiff's claims against certain Defendants have been dismissed, but Plaintiff's claims against Defendants Stone and Sizemore remain pending before this Court. Doc. 20 at 2. On April 25,

2018, Defendants filed a Motion for Summary Judgment, doc. 26.  That same day, the Clerk's Office sent Plaintiff a notice of the filing and warned Plaintiff that if he failed to submit a timely response, "[T]he consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you."  Doc. 27.  Under this Court's Local Rules, Plaintiff had until May 16, 2018 (21 days after Defendants filed their Motion), to respond in opposition.  Local R. 7.5.  However, Plaintiff did not respond to Defendants' Motion, and on May 21, 2018, Defendants filed a Motion to Dismiss, arguing the Court should dismiss Plaintiff's claims for failure to prosecute.  Doc. 28.

On September 13, 2018, this Court ordered Plaintiff to respond to Defendants' Motion to Dismiss within 21 days.[1]  Doc. 30.  The Court again cautioned, "If Plaintiff fails to file a timely response, the Court will presume that Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action."  Id. at 1.  Plaintiff failed to submit any additional filings in this action until November 5, 2018, on which date he submitted an unsigned (and therefore, deficient) notice of change of address.[2]  Docs. 31, 32.  Though Plaintiff was ordered to correct this deficiency or face "possible sanctions, to include dismissal[,]" Plaintiff did not return a signed document.  Doc. 32.  This Court has not received any pleadings from Plaintiff since he filed his deficient notice of change of address.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with the Court's directives.  For the reasons set forth below, I **RECOMMEND** the Court **GRANT**

---

[1]   The Court directed the Clerk of Court to ensure Plaintiff received a copy of Rules 12, 15, and 41 of the Federal Rules of Civil Procedure along with the Order.  Doc. 30 at 2.

[2]   This notice demonstrates Plaintiff received a copy of the Court's September 13, 2018 Order, as Plaintiff wrote he received "no mail since Sept[ember]" from the Court.  Doc. 31.

Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

I.  **Dismissal for Failure to Prosecute**

Courts "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718, (11th Cir. 2011). A dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802–03 (11th Cir. 2006).

While the Court exercises its discretion to dismiss cases with caution, in this action, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute a § 1983 complaint when plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended

complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Plaintiff failed to file responses to Defendants' Motion for Summary Judgment and Defendants' Motion to Dismiss and failed to respond to the Court's Orders. Despite three warnings that his case would be dismissed if Plaintiff did not respond, Plaintiff still failed to do so. Indeed, Plaintiff has not taken any action in this case since filing the deficient notice of change of address on November 5, 2018. Doc. 31. Plaintiff was given ample time to follow the Court's directives, but he has not made any effort to do so or to inform the Court as to why he cannot comply with its directives. Moreover, Plaintiff's failure to file responses to Defendants' Motion to Dismiss indicates the Motion is unopposed. Doc. 30 at 1 (quoting Local R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.")). As Plaintiff has not oppose Defendants' request for dismissal, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, doc. 28, **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, doc. 28, **DISMISS without prejudice** this action, and **DIRECT** the Clerk of Court to **CLOSE** this case and **ENTER** the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY as moot** Defendants' Motion for Summary Judgment, doc. 26, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 4th day of February, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA